UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ UNITED STATES OF AMERICA,            │
│                                       │
│                  Plaintiff,           │
│                                       │
│ -against-                             │
│                                       │
│ NAASÓN JOAQUÍN GARCÍA,                │
│                                       │
│                  Defendant.           │
└─────────────────────────────────────┘
```

25-CR-370 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the following documents: (1) the Government's October 10, 2025 motion requesting that the Court enter the attached proposed protective order, (dkt. no. 30); (2) Defendant Naasón García's[1] October 17, 2025 opposition, (dkt. no. 32); and (3) the Government's October 20, 2025 reply, (dkt. no. 33).

Defendant opposes the motion arguing that the "Attorney's Eyes Only" ("AEO") provision would infringe on Defendant's Sixth Amendment rights by prohibiting counsel from discussing certain discovery with his client. (See generally dkt. no. 32.) Defendant asks the Court to amend the proposed protective order by: (1) deleting the phrase "or the content of the AEO Material" from Paragraph 9 and (2) adding to the paragraph: "Nothing in this

---

[1] The Government noted that its understanding is that Defendant's co-defendants, Eva García de Joaquín and Joram Núñez Joaquín, are deferring to Defendant's position with respect to the proposed protective order. (Dkt. no. 30 at 1 n. 1.)

paragraph shall limit the right of defense counsel to discuss with defendants the contents or substance of any evidence in this case for the purpose of preparing the defense case." (Dkt. no. 32 at 9.)

Notably, the proposed protective order is standard practice in this district. (See, e.g., dkt. no. 63, United States v. Ho Wan Kwok, 23 Cr. 118 (AT) (S.D.N.Y. May 4, 2023) (entering protective order that included AEO provision over the same Sixth Amendment objection).) Additionally, Defendant's objections are unripe. The proposed protective order establishes a protocol for the parties to resolve any AEO-designation disputes. It is premature now, before discovery has been produced, for the Court to rule on how Defendant's Sixth Amendment arguments and the Government's substantial witness safety, obstruction, and privacy concerns interact to resolve purely theoretical disputes about AEO designations.

Accordingly, the Government's motion is GRANTED. The Court enters the attached protective order. The Clerk of the Court shall close dkt. no. 30.

**SO ORDERED.**

Dated:   New York, New York
         October 23, 2025

_____
LORETTA A. PRESKA
Senior United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>NAASÓN JOAQUÍN GARCÍA,<br>ROSA SOSA,<br>AZALIA RANGEL GARCÍA,<br>EVA GARCÍA DE JOAQUÍN,<br>JORAM NÚÑEZ JOAQUÍN, and<br>SILEM GARCÍA PEÑA,<br><br>*Defendants.* | **Protective Order S1**<br><br>**25 Cr. 370 (LAP)** |

Upon the application of the United States of America, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**<u>Categories</u>**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), as a courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses [1] who may be subject to intimidation or obstruction, or whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in writing, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

---

[1] Any material that contains information identifying any victims and/or witnesses is considered, at a minimum, SEALED, even if not so marked. Pursuant to this Order, the identities of victims and witnesses cannot be made public in a manner that identifies, or would reasonably be expected to identify, those persons as victims and/or witnesses, absent prior approval by the Government or further application to the Court. Any names or other identifying information of victims and witnesses shall be redacted from public court filings.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

5.   Disclosure Material shall not be disclosed by the defendants or their respective defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.[2] The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6.   Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a.   The defendants;

b.   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c.   Prospective witnesses for purposes of defending this action, provided that defense counsel has reviewed this Order with such prospective witness and that such prospective witness has been provided with a copy of this Order and has signed and dated Attachment A to this Order, without further order of the Court, upon obtaining the signature on Attachment A of the prospective witness (and the prospective witness's counsel, if Sealed Material is disclosed to or discussed with such counsel), and provided that neither the prospective witness nor any counsel

---

[2] The restrictions on the "disclosure" of the materials covered by this order encompasses the direct disclosure, provision, or use of the materials, as well as descriptions of the materials that conveys their content.

for the prospective witness is permitted to review, handle, or otherwise possess any Sealed Material outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible.[3]  Defense counsel will maintain an updated version of Attachment A in their records and every 60 days will file an updated copy of Attachment A under seal and *ex parte* with the Court.

7.  APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' respective counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8.  All visual depictions, including any photograph, film, video, picture, or image, of sexually explicit conduct or nudity, will be designated as APO Material regardless of whether it has been designated as such by the Government.  At the discretion of the Government, certain APO Material depicting sexually explicit conduct or nudity and/or constituting contraband may be designated AEO Material or made available for in-person inspection only.[4]

9.  AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

---

[3] Personal identifying information of victims (names, contact information, dates of birth, other PII, etc.) shall be redacted from any materials to be shared with personnel and prospective witnesses pursuant to this paragraph.

[4] Any contraband material constituting child pornography or depicting nudity involving minors shall be made available for inspection only.

with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

### Other Provisions

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of 18 U.S.C. § 3509, Fed. R. Crim. P. 49.1, this District's Local Rules, this District's ECF Privacy Policy,[5] and the above provisions.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, online accounts, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed APO Material unless otherwise designated.

12. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations. If the parties are unable to resolve disputes after meeting and conferring, nothing in this Agreement limits any party's ability to seek Court intervention. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

---

[5] Accessible at https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Disclosure Material in advance of such disclosure. All such persons shall be subject to the terms of this Order if they review such material. Defense counsel shall maintain a record of what information has been disclosed to which such persons, consistent with Paragraph 6(c) above.

14. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

15. Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel.

16. The defense shall not provide any Disclosure Material to any foreign persons or entities, except that, notwithstanding this Paragraph, the defense may provide Disclosure Material to any persons and entities regardless of nationality for whose conduct defense counsel is responsible, to any prospective witnesses regardless of nationality if such disclosure is for the purpose of defending this action and in accordance with Paragraphs 5 through 10 and Paragraph 13 above, and any other persons who the Court authorizes on a case-by-case basis.

17. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**<u>Retention of Jurisdiction</u>**

18. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


SO ORDERED:

Dated: New York, New York
       October 23, 2025

_____
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

2023.11.26

**Attachment A to Protective Order**
**United States v. Naasón Joaquín García, et al., 25 Cr. 370 (LAP)**

| Printed Name | Date |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |